GULOTTA, Judge.
Defendant appeals from a default judgment in the amount of $1,992.76, together with $250.00 in attorney’s fees, representing $62.70 in unpaid wages, 90 days penalty wages and attorney’s fees, as authorized under LSA-R.S. 23:631 and LSA-R.S. 23:632.[1] Proof supporting plaintiff’s claim *869 consisted of an affidavit of correctness. According to defendant, because plaintiff’s claim is based on neither an open account nor a contractual obligation, but á statutory obligation, proof by affidavit is not sufficient. Assuming, but not deciding, that proof by affidavit of the correctness shall be prima facie proof, nevertheless because of plaintiff’s failure to establish a prima facie case supporting her claim, we set aside the judgment and remand.
LSA-C.C.P. art. 1702 provides:
“Art. 1702. Confirmation of default judgment.
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. If no answer is filed timely, this confirmation may be made after two days, exclusive of holidays, from the entry of the judgment of default.
When the sum due is on an open account, promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. When the demand is based upon a promissory note or other negotiable instrument, no proof of any signature thereon shall be required.” (Amended by Acts 1968, No. 88, § 1.)
LSA-C.C.P. art. 4896 provides also:
“Art. 4896. Defendant’s failure to answer or parties’ failure to appear; effect; proof of open account, promissory note or negotiable instrument; judgment.
If the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final judgment in favor of plaintiff may be rendered. No prior default is necessary. In such instances, when the suit is for a sum due on an open account, promissory note, negotiable instrument or other conventional obligation, prima facie proof may be submitted by affidavit.
If, after answer, the plaintiff fails to appear at the trial, judgment may be rendered dismissing the suit with prejudice, at plaintiff’s cost.” (Amended by Acts 1968, No. 88, § 1.)
Proof submitted by plaintiff in support of her claim for unpaid and penalty wages is an “affidavit of correctness of account and/or note and non-military service.” The pertinent part of that affidavit reads as follows:
“That she, Pam Baker, is the plaintiff in the above and entitled and numbered cause; that she is familiar and well acquainted with the account of Siemens-Allis, Inc., defendant in the above captioned cause; that plaintiff is the former employee of defendant herein sued; that the true and correct amount owed to plaintiff on said salary by the above named defendant is $62.76 plus 90 days wages under LSA-R.S. 23:631 and 23:632 plus interest and attorney’s fees as prayed for; all subject to a credit of $0.00.”
Noticeably absent from the affidavit are any reference to a date of demand for payment by plaintiff (indeed, of any reference to any demand for payment) and any reference to her daily rate of pay. Although both parties admit in brief that the $62.76 in unpaid wages has been paid, without any proof of the date that demand for payment was made by plaintiff upon the employer, the specific amount of penalty wages to be assessed cannot be properly computed. LSA-R.S. 23:632 provides, in pertinent part, “Any employer who . . . refuses to comply . . . shall be liable to the employee either for ninety days wages at *870 the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made, until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.” (Emphasis added). Because the affidavit is deficient in not specifying the employee’s daily rate of pay and in not specifying the date of the employee’s demand for payment, prima facie proof to support a default judgment for penalty wages is lacking. LSA-C.C.P. art. 1702; LSA-C.C.P. art. 4896.
Accordingly the default judgment rendered in favor of plaintiff is annulled and set aside. The matter is now remanded to the trial court for further proceedings. Defendant is permitted ten days from the date this judgment becomes final to file responsive pleadings. Assessment of costs is to await disposition of this matter.
JUDGMENT SET ASIDE AND REMANDED.

. LSA-R.S. 23:631 and LSA-R.S. 23:632 read as follows:
“§ 631. Discharge or resignation of employees; payment within three days after termination of employment.
A.Upon the discharge or resignation of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, not later than three days following the date of discharge or resignation. Said payment shall be made at the place and in the manner which has been customary during the employment, except that payment may be made via United States mail to the laborer or other employee, provided postage has been prepaid and the envelope properly addressed with the employee’s or laborer’s current address as shown in the employer’s records. In the event payment is made by mail the employer shall be deemed to have made such payment when it is mailed. The timeliness of the mailing may be shown by an official United States postmark or other official documentation from the United States Postal Service.
B. In the event of a dispute as to the amount due under this Section, the employer shall pay the undisputed portion of the amount due as provided for in Subsection A of this Section.
C. With respect to interstate common carriers by rail, a legal holiday shall not be considered in computing the three day period provided for in Subsection A of this Section.” *869 “§ 632. Liability of employer for failure to pay; attorneys’ fees.
Any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee’s daily rate of pay, or else for full wages from the time the employee’s demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to.such employee, whichever is the lesser amount of penalty wages. Reasonable attorney fees shall be allowed the laborer or employee by the court which shall be taxed as costs to be paid by the employer, in the event a well-founded suit for any unpaid wages whatsoever be filed by the laborer or employee after three days shall have elapsed from time of making the first demand following discharge or resignation.”